IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RICHARD HEDGER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv−2081−JPG |
| WEXFORD, LARSON, DEBRA HALE, and ST. CLAIR COUNTY JAIL | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Richard Hedger, an inmate who is currently incarcerated in St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

1

## The Complaint

Plaintiff was denied medical assistance for an unspecified injury to his leg for a month and a half. (Doc. 1, p. 6). Hale refused to schedule him for a medical visit, despite Plaintiff's submission of sick call slips. *Id*. Plaintiff ultimately spent eight days in the hospital for his leg. *Id*. He holds Wexford responsible because they employed Hale and Dr. Larson. *Id*.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following count:

> **Count 1:** Defendants were deliberately indifferent to Plaintiff's leg condition in violation of the Eighth Amendment.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Plaintiff never describes what is wrong with his leg, but he alleges that it required an eight-day hospital stay, making it a reasonable inference that he suffered from a serious medical need. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The Complaint also suggests that Hale, having received Plaintiff's sick call slips, knew that he suffered from a serious medical need, but declined to schedule him for treatment. This creates a plausible inference of deliberate indifference. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). Accordingly, **Count 1** will proceed against Hale.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

But all other Defendants must be dismissed at this time. Plaintiff has attempted to proceed against the St. Clair County Jail. That entity is immune from suit. Under Federal Rule of Civil Procedure 17(b), a defendant named in a lawsuit must have the legal capacity to be sued. Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont,* 536 N.E.2d 720, 723 (Ill.App. 1 Dist. 1988).

Illinois courts have not recognized a sheriff's office or a police department as a legal entity. *Magnuson v. Cassarella,* 812 F.Supp. 824, 827 (N.D.Ill. 1992); *see West v. Waymire,* 114 F.3d 646, 646–47 (7th Cir. 1997). The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. Ill. Const.1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates, and actions of his officers. 730 ILCS § 125/2; ILCS 125/17. As an elected officer, a sheriff is not an employee. County police and county jails are merely a branch of the sheriff as a county officer and are not legal entities capable of being sued. *Magnuson,* 812 F.Supp. at 827. Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal entity. ILL. CONST. art. VII, § 1. Therefore the St. Clair County Jail will be dismissed with prejudice as a Defendant.

Plaintiff has also named Larson as a Defendant. However, the only mention of Larson in the Complaint states that Larson was an employee of Wexford Health Sources. Plaintiff does not allege that Larson treated him or that Larson was aware of the problem with his leg. If Larson was unaware the Plaintiff was suffering from a serious medical condition, then he could not have been deliberately indifferent to that condition. Plaintiff's claim against Dr. Larson for deliberate indifference will be dismissed without prejudice for failure to state a claim. If Plaintiff has additional factual allegations against Larson tending to show that he was deliberately indifferent,

3

he should submit an amended complaint with those facts, including all claims, even those described as surviving review in this order. But for now, Larson will be dismissed without prejudice.

Finally, Wexford Health Sources must be dismissed with prejudice from this suit, as Plaintiff's allegations are clearly premised on a respondeat superior theory of liability, which is not cognizable in a § 1983 suit. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff makes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). Accordingly, Wexford must be dismissed with prejudice because they cannot be held responsible for the actions of their employees. This dismissal shall not prevent Plaintiff from pursuing an adequately pleaded claim premised on *Monell*.

## **Pending Motions**

Plaintiff has also moved the Court to appoint him counsel. (Doc. 3). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

It is unclear whether Plaintiff has made a reasonable attempt at recruiting counsel. Plaintiff has not provided the names and addresses of the attorneys he tried to contact. But even assuming that Plaintiff has satisfied the threshold requirement, the Court still would not recruit counsel for him because Plaintiff is competent to proceed on his own. Plaintiff's pleadings have been clear and understandable, and he has articulated a viable deliberate indifference claim against Hale. Plaintiff states that he is not as competent as an attorney, but that is not the standard. *See Pruitt*, 503 F.3d at 655 (quoting *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) (If the test were whether a good lawyer would have done better than a *pro se* plaintiff, "judges would be required to request counsel for every indigent litigant")). Plaintiff's Motion is **DENIED**. (Doc. 3). Should Plaintiff wish to request counsel at a future time, he should provide the names, addresses, and any correspondence from attorneys rejecting his case to the Court in support of his motion.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 survives threshold review against Defendant Hale. Larson is **DISMISSED without prejudice**. St. Clair County Jail and Wexford are **DISMISSED with prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Hale: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/7/2019**

                                                              s/J. Phil Gilbert
                                                           **United States District Judge**

**<u>Notice</u>**

The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.