# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD HEDGER, #B80888,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-02081-JPG |
| | ) |
| **DEBRA HALE,** | ) |
| | ) |
| Defendant. | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff Richard Hedger filed this action under 42 U.S.C. § 1983 on November 16, 2018, for alleged violations of his constitutional rights at St. Clair County Jail. (Doc. 1). The Complaint survived screening pursuant to 28 U.S.C. § 1915A. (Doc. 10). Plaintiff was allowed to proceed with a single claim (Count 1) against Debra Hale for inadequate medical care. (*Id*.).

Plaintiff has since failed to provide the Court with his updated address or take steps to litigate this matter. The Court has received no communication from him since March 29, 2019, when he notified the Court of his updated address at East Moline Correctional Center. (Doc. 26). Several court documents that were mailed to Plaintiff have since been returned undeliverable. (*See* Docs. 36, 37, 38, 39, and 40).

On December 12, 2019, Defendant Hale filed a Motion to Compel discovery, in which she indicated that Plaintiff's discovery responses were seven months overdue. (Doc. 35, p. 1). During the preceding seven months, Defendant Hale stated that she received no communication from Plaintiff about the responses or a request for an extension of the response deadline. (*Id*. at p. 2). Although Defendant Hale wrote to Plaintiff on November 21, 2019, she received no response from him as of December 12, 2019. (*Id*.).

1

Plaintiff has failed to update his address and prosecute his claims. He was repeatedly warned of his obligation to notify the Court and parties of any address change within seven (7) days of a relocation. (*See* Docs. 4 and 10). On January 23, 2020, this Court entered an Order to Show Cause why this case should not be dismissed with prejudice based on Plaintiff's failure to comply with the court orders to update his address and prosecute his claims. (*See* Doc. 39). The deadline for responding to the show cause order was February 6, 2020. (*Id.*). On February 10, 2020, the Order to Show Cause was returned undeliverable, and Plaintiff's status was listed as "paroled." (Doc. 40). At least a week has passed since Plaintiff's response deadline expired, and the Court has received no communication from him.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Court's Orders to update his address (Docs. 4 and 10), his failure to respond to the Court's Order to Show Cause (Doc. 39), and his failure to prosecute his claim in Count 1. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with multiple Court Orders (Docs. 4, 10, and 39) and his failure to prosecute his claim(s) herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  February 21, 2020**

>   **s/J. Phil Gilbert**
>   **J. PHIL GILBERT**
>   **United States District Judge**